IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL R. PITLYK, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE NATIONAL RIGHT TO WORK COMMITTEE, a Virginia nonprofit Corporation,<br><br>    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The National Right to Work Committee ("NRTWC"), through its counsel, hereby removes the above-captioned action, *Samuel R. Pitlyk v. The Nat'l Right to Work Comm.*, No. 18SL-CC02907 (the "State Court Action"), from the Circuit Court of St. Louis County, Missouri ("St. Louis County Circuit Court") to the United States District Court for the Eastern District of Missouri, Eastern Division. In support thereof, NRTWC states the following:

### Background

1. On August 3, 2018, Samuel R. Pitlyk ("Plaintiff") filed the Class Action Petition ("Complaint" or "Compl.") individually and on behalf of a putative class of similarly situated individuals (the "Class").

2. Plaintiff alleges that NRTWC made "hundreds or thousands" of pre-recorded phone calls to the cellular phones of putative Class members, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Compl. ¶¶ 11, 32.

3. Plaintiff seeks to represent "All persons in the United States who, from August 1, 2014, to the present, received at least one prerecorded phone call on his or her cell phone from [NRTWC] and did not provide [NRTWC] his or her prior express written consent to receive such messages." Compl. ¶ 29.

4. The pre-recorded calls purportedly promoted the passage of Senate Bill 19 with a ballot title of "Proposition A," which is more commonly known as the Missouri "Right to Work Law." *Id*. ¶ 10. The passage of Proposition A would prohibit, as a condition of employment, forced membership in a labor organization (also known as a "union") or forced payment of dues or fees, in full or pro-rata to a union. *Id*.

5. Plaintiff, on behalf of himself and the putative Class, seeks statutory damages of $500 per violation, or up to $1,500 per violation and "all expenses of this action" incurred by Plaintiff and the putative Class members, including, without limitation, the expense of class notice and claims administration. Compl. at 8-9 (Demand for Judgment).

6. On August 10, 2018, NRTWC was served with a copy of the Summons and Complaint in the State Court Action.

7. This Notice of Removal is timely filed within thirty days of NRTWC's receipt of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

## Venue

8. Venue is proper in this Court because the action is being removed from the Circuit Court of St. Louis County, Missouri, which lies within the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

### This Court Has Original Jurisdiction Under the Class Action Fairness Act Because Members of the Putative Class Are Citizens of a State Different from NRTWC and the Stakes as Alleged Plausibly Exceed $5,000,000

9. Removal is proper because this Court has original jurisdiction over this action based on the applicable provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a civil action where (a) the citizenship of at least one proposed Class member is different from that of any defendant; (b) Plaintiff alleges that the putative Class consists of at least 100 members; and (c) the amount at stake in this case as alleged, based on Plaintiff's proposed Class definition and proposed measure of damages, plausibly exceeds the sum or value of $5,000,000, exclusive of interest and costs.

*Minimal Diversity Exists Between the Parties*

10. Minimal diversity exists for purposes of CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. NRTWC is a nonprofit corporation organized under the laws of the Commonwealth of Virginia, operating under Section 501(c)(4) of the Internal Revenue Code. Compl. ¶ 3. NRTWC's headquarters are in Fairfax County, Virginia. *Id*. NRTWC is a citizen of Virginia. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

12. Plaintiff is a citizen of St. Louis County, Missouri. Compl. ¶ 1 (alleging Plaintiff "is a natural person who, at all times material to this petition, resided in St. Louis County, Missouri"). *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 967 (8th Cir. 2017) (allegation in notice of removal that plaintiff was an Arkansas citizen was sufficient to show federal jurisdiction where

plaintiff had not suggested otherwise and plaintiff's complaint alleged she was an Arkansas resident).

13. Accordingly, minimal diversity exists because Plaintiff is a "citizen of a State different from [a] defendant." 28 U.S.C. § 1332(d)(2)(A).

***There are at Least 100 Members of the Proposed Class as Alleged***

14. Plaintiff alleges that "there are hundreds and possibly thousands of persons in the proposed class." Compl. ¶ 35. Therefore, as facially alleged in the Complaint, Plaintiff's proposed Class exceeds 100 members.

***The Amount in Controversy as Alleged Plausibly Exceeds $5,000,000 in the Aggregate***

15. Under applicable law, this action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2), because the amount at stake as alleged plausibly exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

16. The U.S. Supreme Court has recently clarified that a removing defendant's initial burden with respect to CAFA's $5,000,000 amount in controversy requirement is to present a plausible allegation of the amount at stake in its notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Once a defendant makes such a showing that the stakes as alleged plausibly exceed $5,000,000, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quotation omitted).

17. Plaintiff's Complaint alleges that the "possibly thousands" of putative Class members are entitled to damages of at least between $500 and $1,500 per violation. Compl. ¶ 34. The TCPA provides for recovery of "actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). If the court finds

the defendant "willfully or knowingly" violated the TCPA, the court may, in its discretion, treble the damages up to $1,500 per violation. 47 U.S.C. § 227 (b)(3).

18. As such, the $5,000,000 aggregate threshold could be satisfied in the event there are at least 3,334 calls placed in violation of the TCPA. Based on the Complaint's allegation of "possibly thousands" of putative Class members, it is plausible there could be at least 3,334 claimants in the putative Class, and therefore not "legally impossible" for the putative Class to recover in excess of $5,000,000.

19. Though NRTWC vigorously denies that it has committed any violation of the TCPA as to Plaintiff or any putative Class members, and denies it will ultimately be found liable for damages in any amount, based on NRTWC's initial review of information pertaining to Plaintiff's claims as alleged, including the number of total calls placed in connection with the public interest advocacy campaign at issue, it is plausible that the amount at stake in this case as alleged could exceed $5,000,000 exclusive of interest and costs.

### **Additional Requirements for Removal**

20. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2.03, attached hereto and marked as **Exhibit A** is a true and correct copy of all process, pleadings, orders, and other documents on file in the state court.

21. Pursuant to Local Rule 3-2.02, attached hereto and marked as **Exhibit B** is a true and correct copy of the Civil Cover Sheet, an Original Filing Form and a Disclosure of Organizational Interests Certificate.

22. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiffs' counsel and filed with the Clerk of the Court in the state court action. In compliance with Local Rule 81-2.03, NRTWC will also file proof of filing the

Notice of Removal with the Clerk of the Court in the state court action and proof of service on all adverse parties.

23. Nothing in this Notice of Removal should be construed as an admission by NRTWC to any of the allegations in Plaintiff's Complaint. By filing this Notice of Removal, NRTWC does not waive any jurisdictional objection or other defense that is or may be available to it.

24. NRTWC reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Defendant The National Right to Work Committee gives notice of the removal of the State Court Action pending in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: September 7, 2018                Respectfully submitted,

                                        THE NATIONAL RIGHT TO WORK
                                        COMMITTEE

                                        By: /s Gregory E. Ostfeld
                                        Gregory E. Ostfeld
                                        Brett M. Doran
                                        (*pro hac vice application forthcoming*)
                                        Monica S. Harris
                                        (*pro hac vice application forthcoming*)
                                        GREENBERG TRAURIG, LLP
                                        77 West Wacker Drive, Suite 3100
                                        Chicago, IL 60601
                                        Telephone: 312-456-8400
                                        Facsimile: 312-456-8435
                                        ostfeldg@gtlaw.com
                                        doranb@gtlaw.com
                                        harrisms@gtlaw.com

                                        *Attorneys for The National Right
                                        to Work Committee*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of this Notice of Removal has been served upon the following by email and United States mail, first class postage prepaid, on September 7, 2018:

>Dennis Neil Smith Jr.
>Smith Law Firm LLC
>231 South Bemiston Avenue, Suite 800
>Clayton, MO 63105
>neil@smithlawfirm.com
>
>*Counsel for Plaintiff*

              /s Gregory E. Ostfeld