# EXHIBIT A



Your Missouri Courts
ase.net
Search for Cases by: Select Search Method...
Judicial Links | eFiling | Help | Contact Us | Print
Logon
18SL-CC02907 - SAMUEL PITLYK V THE NATIONAL RIGHT TO WORK COMMITT (E-CASE)
Case Header
Parties & Attorneys
Docket Entries
Charges, Judgments & Sentences
Service Information
Filings Due
Scheduled Hearings & Trials
Civil Judgments
Garnishments/ Execution

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:** Descending Ascending **Display Options:** All Entries

| | |
|---|---|
| **08/14/2018** | **Agent Served**<br>Document ID - 18-SMOS-818; Served To - THE NATIONAL RIGHT TO WORK COMMITTEE; Server - ; Served Date - 10-AUG-18; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served |
| **08/13/2018** | **Affidavit Filed**<br>Affidavit of Service NRWC.<br>**Filed By:** DENNIS NEIL SMITH JR<br>**On Behalf Of:** SAMUEL PITLYK |
| **08/03/2018** | **Summ Issd- Circ Pers Serv O/S**<br>Document ID: 18-SMOS-818, for THE NATIONAL RIGHT TO WORK COMMITTEE.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **08/01/2018** | **Filing Info Sheet eFiling**<br>**Filed By:** DENNIS NEIL SMITH JR<br>**Motion Special Process Server**<br>Request for Appointment of Process Server.<br>**Filed By:** DENNIS NEIL SMITH JR<br>**On Behalf Of:** SAMUEL PITLYK<br>**Pet Filed in Circuit Ct**<br>Petition.<br>**Judge Assigned**<br>DIV 7 |

Case.net Version 5.13.19.1 Return to Top of Page Released 02/02/2018



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number: 18SL-CC02907** | |
| Plaintiff/Petitioner:<br>SAMUEL PITLYK<br>**vs.** | Plaintiff's/Petitioner's Attorney/Address:<br>DENNIS NEIL SMITH JR<br>SMITH LAW FIRM LLC<br>231 SOUTH BEMISTON AVENUE<br>SUITE 800<br>CLAYTON, MO 63105 | |
| Defendant/Respondent:<br>THE NATIONAL RIGHT TO WORK COMMITTEE | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: THE NATIONAL RIGHT TO WORK COMMITTEE**
**Alias:**

**R/A: GREGORY W. MOURAD**
**8001 BRADDOCK RD., STE. 500**
**SPRINGFIELD, VA 22160**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**03-AUG-2018**
**Date**
**Further Information:**
**LG**

Clerk

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________ County, ____________ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).

☐ other (describe) ______________________.

Served at ______________________ (address)
in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

Printed Name of Sheriff or Server ______________________ Signature of Sheriff or Server ______________________

**Subscribed and Sworn To** me before this __________ (day) ______________ (month) ________ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________
Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $______________ |
| Non Est | $______________ |
| Mileage | $______________ (____________miles @ $ ______ per mile) |
| **Total** | **$______________** |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

18SL-CC02907
Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

SAMUEL R. PITLYK, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

THE NATIONAL RIGHT TO WORK COMMITTEE, a Virginia nonprofit Corporation,

Serve registered agent:
Gregory W. Mourad
8001 Braddock Road, Ste. 500
Springfield, VA 22160

Defendant.

Case No.:

Div.

JURY TRIAL DEMANDED

**CLASS ACTION PETITION**

COMES NOW Plaintiff Samuel R. Pitlyk ("Pitlyk"), individually, and on behalf of all others similarly situated for his Petition against Defendant The National Right to Work Committee ("NRWC") states:

**Parties, Jurisdiction and Venue**

1. Pitlyk is a natural person who, at all times material to this petition, resided in St. Louis County, Missouri.

2. Pitlyk brings this action on behalf of himself and all others similarly situated.

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

3. NRWC is a nonprofit corporation organized under the laws of the Commonwealth of Virginia, and operating under Section 501(c)(4) of the Internal Revenue Code.

4. NRWC's headquarters are located in Fairfax County Virginia.

5. NRWC conducts substantial marketing and political activity in the State of Missouri.

6. This Court has personal jurisdiction over NRWC because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has directed telephone marketing to Missouri residents and Missouri cellular phone numbers, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri.

7. Venue is proper in this Court because a substantial portion of the events giving rise to the claims asserted in this Petition occurred in St. Louis County, Missouri.

**Background and Facts Common to All Counts**

8. NRWC describes it activities and purpose as follows:

> "THE COMMITTEE CONDUCTS AN EDUCATIONAL-LOBBYING PROGRAM ON A STATE AND NATIONAL LEVEL TO OPPOSE COMPULSORY UNIONISM AMOUNG [SIC] OTHER OBJECTIVES, THE COMMITTEE STRIVES TO PROTECT THE EXISTING 26 STATE RIGHT TO WORK LAWS AND THE FEDERAL EMPLOYEES' RIGHT TO WORK LAW, AS WELL AS TO ENCOURAGE OTHER STATES AND THE FEDERAL GOVERNMENT TO ADOPT RIGHT TO WORK LAWS PROTECTING ALL WORKERS AFFECTED BY THE COMPULSORY UNIONISM ITS ULTIMATE GOAL IS TO ELIMINAT COMPULSORY UNIONISM"[1]

[1] 2016 Form 990, Part III, Line 4a

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

9. The NRWC consistently generates annual revenue in well in excess of $10,000,000.00, which it spends on lobbying efforts and campaigns. This includes opposing forced membership in labor organizations (unions) and forced payment of union dues.

10. The August 7, 2018, primary election ballot in the State of Missouri will include as a proposition Senate Bill 19 with a ballot title of "Proposition A" and more commonly known as Missouri "Right to Work Law". The passage of this bill will prohibit, as a condition of employment, forced membership in a labor organization (union) or forced payments of dues or fees, in full or pro-rata, to a union. The NRWC supports Proposition A and actively promotes the passage of the proposition to Missouri voters.

11. As part of its efforts to gain voter support for the passage of Proposition A, the NRWC recently made hundreds or thousands of illegal pre-recorded phone calls to the cellular phones of Missouri residents.

12. Specifically, and for example, the NRWC delivered to Pitlyk's cellular phone a pre-recorded phone call from NRWC President Mark A. Mix, on behalf of NRWC, imploring the recipient to support Proposition A. This call was made to Pitlyk on July 31, 2018.

13. The same, or substantially similar, prerecorded call was made to many other individuals.

14. NRWC markets itself and its political causes, in part, through prerecorded telephone advertising.

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

15. Pitlyk is the owner of a cellular phone and pays the bill for his cellular phone account. His cell phone number is 314-xxx-xxx2.

16. Pitlyk did not provide NRWC prior express written consent to call his cellular phone. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive cellular phone advertisements from NRWC from an automatic telephone dialing system and informing him that he is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

17. Pitlyk had no prior business relationship with NRWC.

18. The above referenced prerecorded phone message was sent from 855-836-5901, a phone number controlled by NRWC.

19. Pitlyk received, answered, and then listened to all or a portion of the prerecorded call on his cellular phone.

20. The prerecorded call sent to Pitlyk by NRWC invaded Pitlyk's privacy and was harassing and annoying.

21. Upon information and belief, NRWC made prerecorded calls advertising NRWC's position(s) *en masse* to the cell phones of Pitlyk and the putative class members without first obtaining their prior express written consent. Said conduct was harassing and annoying to Pitlyk and the putative class members.

**Count I -Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.***

22. Pitlyk incorporates by reference the allegations of the previous

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

paragraphs as if fully stated in this count.

23. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

24. The TCPA defines an “automatic telephone dialing system” as “equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers.” 47 U.S.C. § 227(a)(1).

25. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

26. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

27. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

28. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

29. Pitlyk brings this action pursuant to the provisions of Missouri Supreme Court Rule 52.08 individually, and on behalf of a class defined as:

> All persons in the United States who, from August 1, 2014, to the present, received at least one prerecorded phone call on his or her cell phone from NRWC and did not provide NRWC his or her prior express written consent to receive such messages. Excluded from this class definition are the judge, magistrate, or commissioner presiding over this matter and his or her immediate family members, counsel for named Plaintiff(s) and his/her/their immediate family members, and counsel for Defendant(s) and his/her/their immediate family members. Excluded from this class definitions are employees, directors, and officers of NRWC.

30. Upon information and belief, NRWC used an automatic telephone dialing system to send the prerecorded phone call to the cell phones of Pitlyk and the putative class members. NRWC's dialing system stored the phone numbers of Pitlyk and the putative class members. The numbers were dialed without human intervention.

31. Upon information and belief, NRWC sent prerecorded phone calls to the cell phones of Pitlyk and the putative class members without first obtaining their prior express written consent.

32. By placing calls to the cell phones of Pitlyk and the putative class

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

members, without obtaining their prior express written consent, NRWC violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

33. NRWC knew or should have known that Pitlyk and the putative class members did not provide their prior express written consent to receive prerecorded phone calls on their cell phones.

34. Pitlyk and the putative class members are entitled to damages of $500.00 per text message made by NRWC and up to $1,500.00 per prerecorded phone call if the Court finds that NRWC willfully violated the TCPA.

35. Upon information and belief, there are hundreds and possibly thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

36. Pitlyk's claims are typical of the class he seeks to represent. Pitlyk and the putative class members were called by NRWC through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Pitlyk's claims and the claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Pitlyk and the putative class members.

37. There are questions of law and fact common to the class. Common questions include, but are not limited to:

a. Whether NRWC made phone calls to the cell phones of the members of the putative class members without obtaining their prior express written consent to receive said calls;

b. Whether NRWC made phone calls to the cell phones of the putative class members using an automatic text messaging

        Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

system;

c. Whether NRWC's conduct violates 47 U.S.C. § 227(b)(l)(A);

d. Whether NRWC's conduct violates the rules and regulations implementing the TCPA; and,

e. Whether Pitlyk and the putative class members are entitled to increased damages based on the willfulness of NRWC's conduct.

38. Pitlyk will fairly and adequately represent the putative class members. Pitlyk has retained counsel experienced in the prosecution of class actions. Pitlyk is committed to vigorously prosecuting the claims presented in this petition. Neither Pitlyk nor Pitlyk's counsel have any interests adverse or in conflict with the absent class members.

39. The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the proposed class.

40. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

41. Plaintiff requests a trial by jury on all matters so triable.

**Demand for Judgment**

WHEREFORE Plaintiff Samuel R. Pitlyk, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

     Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

a. Enter an order, pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Samuel R. Pitlyk as representative of the class;

b. Enter an order appointing The Smith Law Firm, LLC, as counsel for the class;

c. Enter judgment in favor of Pitlyk and the putative-class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if NRWC willfully violated the TCPA;

d. Award Pitlyk and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e. Award Pitlyk and the class such further and other relief the Court deems just and appropriate.

Respectfully submitted,
THE SMITH LAW FIRM, LLC

/s/ Neil Smith

Neil Smith, MBN 56789
231 S. Bemiston, Suite 800
Clayton, Missouri 63105
Phone (314) 725-4400
Cellular (314) 974-3266
neil@smithlawfirm.com

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Samuel R. Pitlyk
Plaintiff/Petitioner

Aug. 1, 2018
Date

Case Number

vs.

The National Right to Work Committee
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Bill Cooper | PO Box 383, Fairfax Station, VA 22039 cps@cooperservicellc.com | (703) 270-0002 |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| | | |
| | | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
The National Right to Work Committee
Name R/a: Gregory W. Mourad
8001 Braddock Road, Ste. 500
Address
Springfield, VA 22160
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ____________________
Deputy Clerk

____________________
Date

/s/ Neil Smith
Attorney/Plaintiff/Petitioner
56789
Bar No.
231 S. Bemiston, Ste. 800, Clayton, MO 63105
Address
(314) 725-4400
Phone No.
neil@smithlawfirm.com
Fax No.

Electronically Filed - St Louis County - August 01, 2018 - 01:29 AM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



Electronically Filed - St Louis County - August 13, 2018 - 08:09 AM

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number: 18SL-CC02907** |
| Plaintiff/Petitioner:<br>SAMUEL PITLYK<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address:<br>DENNIS NEIL SMITH JR<br>SMITH LAW FIRM LLC<br>231 SOUTH BEMISTON AVENUE<br>SUITE 800<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br>THE NATIONAL RIGHT TO WORK COMMITTEE | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: THE NATIONAL RIGHT TO WORK COMMITTEE**
**Alias:**

**R/A: GREGORY W. MOURAD**
**8001 BRADDOCK RD., STE. 500**
**SPRINGFIELD, VA 22160**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**03-AUG-2018**
**Date**
**Further Information:**
**LG**

[signature] Clerk

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is PROCESS SERVER of FAIRFAX County, VIRGINIA (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to GREGORY W. MOURAD (name) REGISTERED AGENT (title).

☐ other (describe) ______________

Served at 8001 BRADDOCK ROAD, #500, SPRINGFIELD, VA. 22160 (address) in FAIRFAX County, VIRGINIA (state), on AUGUST 10, 2018 (date) at 12:12 PM (time).

Ryan Burgess
Printed Name of Sheriff or Server

[signature]
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this 10 (day) AUGUST (month) 2018 (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal) WILLIAM A. COOPER III NOTARY PUBLIC REG. #7313749 COMMONWEALTH OF VIRGINIA MY COMMISSION EXPIRES MARCH 31, 2022

[signature] NOTARY
Signature and Title