IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL R. PITLYK, individually, and on behalf of all others similarly situated, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>THE NATIONAL RIGHT TO WORK COMMITTEE, a Virginia nonprofit Corporation, <br><br>　　　　　Defendant. | Case No. 4:18-cv-01507 <br><br> Hon. Ronnie L. White |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CONDITIONAL CERTIFICATION OF CLASS FOR SETTLEMENT

COMES NOW Plaintiff Samuel R. Pitlyk by his undersigned counsel, and for his Motion for Preliminary Approval of Class Settlement and Conditional Certification of Class for Settlement states:

1. After lengthy litigation and extensive negotiations, the parties have reached a settlement in this matter.

2. Plaintiff brings a class claim against Defendant The National Right to Work Committee, a Virginia nonprofit Corporation ("NRTWC") alleging that NRTWC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Specifically, Pitlyk contends that NRTWC made a prerecorded call to his cellular phone, and to the cellular phones of others, in violation of the TCPA.

3. The Parties request certification of the following Settlement Class:

> All persons who received at least one pre-recorded call on a cellular phone between July 1, 2018 to August 15, 2018 from The National Right to Work Committee concerning Proposition A (also known as

the Missouri Right to Work Law), which appeared on the August 7, 2018 primary election ballot in the State of Missouri.

4. The parties desire to settle the action based upon the terms and conditions set forth in the executed Settlement Agreement, attached hereto as Exhibit A.

5. Counsel for the parties have reviewed and analyzed the legal and factual issues presented in this action, reviewed and analyzed documents and data, considered the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, including a mediation session before neutral Robert D. Litz of U.S. Arbitration & Mediation, the parties reached a settlement.

6. As more fully detailed in the Settlement Agreement, the defendants have agreed to settle this action as follows:

    a. <u>Total Payment.</u>  NRTWC will pay the total sum of $360,000 (the "Settlement Fund") in settlement of class claims, to be allocated on a pro-rata basis among class members ("Settlement Class Members") as described below, following the payment of the class representative award and attorneys' fees and expenses, and costs of administration;

    b. <u>Payments to Class Members.</u>  Each Settlement Class Member who submits a valid claim from the settlement will be paid his or her pro rata share of the Settlement Fund in an amount up to but not to exceed $500 per claim per call received.  The amount to be paid for each claim depends on the number of valid claims that are submitted. Any

    amount of the Settlement Fund not paid as described in this Paragraph, and all amounts left over from checks to Settlement Class Members that are not cashed within the time frame set forth in the Settlement Agreement, shall be distributed to Beyond Housing, Inc., a charitable organization in St. Louis, Missouri, that is mutually agreed upon by the parties.

7. Plaintiff Samuel R. Pitlyk seeks to be appointed as representative of the Settlement Class. He has no interests antagonistic to Settlement Class Members and will protect the interests of the Settlement Class. The Smith Law Firm, LLC moves to be appointed as counsel to the Settlement Class. The firm has significant litigation experience, experience in consumer and class litigation, and will protect the interests of the Settlement Class.

8. Plaintiff Samuel R. Pitlyk will request an incentive award of $10,000 for his service as class representative. Counsel for the Settlement Class will submit a fee application, requesting $120,000 as attorney fees in addition to documented litigation expenses of $2,000.

9. The parties have agreed to retain KCC Class Action Services, LLC ("KCC") as the settlement administrator. KCC is a nationally recognized settlement administration service, with extensive experience in the administration of class action settlements.

10. Plaintiff has concluded through discovery that Defendant placed pre-recorded calls concerning Proposition A to 11,943 unique telephone numbers (the "Phone Numbers") that are or may be cellular phone numbers during the class period. Plaintiff

requests that the Court approve the form of class notice attached as Exhibit B. Within 28 days of preliminary approval of this Settlement, Exhibit B will be sent by U.S. Mail to the name and mailing address in Defendant's records associated with each Phone Number.

11. The Defendant denies that it has violated the TCPA or any other laws. The Defendant, however, considers it desirable that this action and the claims alleged in this action be settled, provided that the settlement is not intended to be, and should not be, construed as an admission of liability in any respect.

12. Subject to and effective upon entry of an order providing final approval of this settlement, each Settlement Class Member, including Plaintiff, who does not effectively opt out of the Settlement Class shall release and forever discharge the Released Parties from the Released Claims, as described in the Settlement Agreement.

13. Plaintiff believes that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and is in the best interests of the Class. Plaintiff therefore seeks the approval of an order granting preliminary approval consistent with the terms of the parties' Settlement Agreement. Defendant consents to the filing of this motion.

WHEREFORE, Plaintiff requests that this Court enter an order which:

    a) Grants preliminary approval of the proposed settlement;

    b) Certifies the proposed settlement class;

    c) Appoints Samuel R. Pitlyk as class representative and The Smith Law Firm, LLC as counsel for the settlement class;

    d) Approves KCC as the settlement administrator;

e) Directs the mailing and distribution (as described herein) of the form attached hereto as Exhibit B following preliminary approval of the proposed settlement, and further notice of the settlement as specified in the Settlement Agreement;

f) Provides class members a specific number of days to object or exclude themselves from the settlement;

g) Schedules a date for a final approval hearing and hearing on Plaintiff's application for attorneys' fees and costs that complies with the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §1715(b)[1]; and,

h) Grants such further relief as the Court deems just and proper.

Respectfully submitted,
THE SMITH LAW FIRM, LLC

 /s/ Neil Smith
Neil Smith, #56789MO
231 S. Bemiston Ave., Suite 800
Clayton, MO 63105
Phone: (314) 725-4400
Cellular: (314) 974-3266
neil@smithlawfirm.com

*Attorney for Plaintiff and proposed Class*

---

[1] CAFA requires a defendant to provide notice to state and/or federal authorities within 10 days of the filing of this motion and proposed settlement, and requires the fairness hearing to be held not earlier than 90 days after that notice is provided. 28 U.S.C. §1715(b).

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 6th day of September, 2019, the foregoing was filed electronically with the Clerk of the court for the United States District Court for the Eastern District of Missouri, Eastern Division.

                                                                                  /s/ Neil Smith