**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

SAMUEL R. PITLYK, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

THE NATIONAL RIGHT TO WORK COMMITTEE, a Virginia nonprofit Corporation,

Defendant.

Case No. 4:18-cv-01507

Hon. Ronnie L. White

**FINAL APPROVAL ORDER AND JUDGMENT**

The Parties' proposed class action settlement coming before the Court for a fairness hearing on February 13, 2020, at 10:00 a.m. in Courtroom 10 South, United States District Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis, MO 63102, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT**:

1. For the purposes of this Final Approval Order and Judgment ("Final Approval Order and Judgment"), the Court adopts by reference the defined terms set forth in the Parties' Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A to Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Class for Settlement, filed with the Court on September 6, 2019.

2. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed

have been considered and are overruled. Accordingly, this Final Approval Order and Judgment binds all members of the Settlement Class who did not opt out.

3. This Court has jurisdiction over plaintiff, Samuel Pitlyk ("Plaintiff"), the members of the Settlement Class, defendant The National Right to Work Committee ("Defendant"), and the claims asserted in this lawsuit. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their consummation, administration, implementation, interpretation, construction, or enforcement.

4. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

**Class Certification**

5. On September 6, 2019, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled Order Preliminarily Approving Class Action Settlement and Certifying Settlement Class (the "Preliminary Approval Order").

6. The Preliminary Approval Order certified the following class solely for purposes of settlement: "All persons who received at least one pre-recorded call on a cellular phone between July 1, 2018 to August 15, 2018 from The National Right to Work Committee concerning Proposition A (also known as the Missouri Right to Work Law), which appeared on the August 7, 2018 primary election ballot in the State of Missouri" (the "Settlement Class"). In the Settlement Agreement, the Parties agreed that this is a proper class definition solely for purposes of settlement.

7. The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed The Smith Law Firm, LLC as Class Counsel.

**Class Notice**

8. Plaintiff submitted the affidavit of Tammie Wilson from settlement administrator KCC LLC (the "Settlement Administrator") to demonstrate that the Notice of Class Action Settlement and attached Proof of Claim Form (the "Notice") was sent to the Phone Number List as described in the Settlement Agreement. The Court finds that the Notice and the process by which it was published fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

**Objections and Opt-Outs**

9. No member of the Class filed an objection to the settlement.

10. The following persons have requested exclusion and are hereby excluded from the Settlement Class and this case:

a. Ernest A Suter;

b. Jason McKnight;

c. Ralph Meuser;

d. Dolores Rupp;

e. KDH Financial Systems Inc Collection Agencies.

**Class Compensation**

11. Defendant has created a settlement fund totaling $360,000.00 (the "Settlement Fund") to pay valid Settlement Class member claims on a *pro rata* basis, in an amount up to but not to exceed a net payment of $500 per claim per call received, to pay an incentive award to Plaintiff for serving as the Class Representative, to pay Class Counsel's attorneys' fees and

reasonable litigation expenses, and to pay the costs incurred by the Settlement Administrator for notifying the Settlement Class and administering the Settlement Fund.

12. As the Parties agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be paid their *pro rata* share of the Settlement Fund, in an amount up to but not to exceed a net payment of $500 per claim per call received, after the payment of attorney's fees, litigation expenses, the Settlement Administrator's costs and expenses, and an incentive award to the Plaintiff. Upon determination by the Settlement Administrator of the *pro rata* payments to be made for each valid claim, the Settlement Administrator will cause those checks to be sent by U.S. Mail to the Settlement Class members who submitted valid claims. As agreed between the parties, checks issued to the class members will be void 61 days after issuance.

13. After claims payments to Settlement Class members, and the payment of attorney's fees, expenses, costs to the Settlement Administrator and the incentive award to Plaintiff are made, any money remaining in the Settlement Fund as a result of either (a) the Settlement Fund exceeding the full and complete payments in accordance with this Settlement, including payments of all valid claims on a *pro rata* basis in an amount up to but not to exceed a net payment of $500 per claim per call received, or (b) any of the claims checks issued by the Settlement Administrator not being cashed within 60 days, shall be paid as a *cy pres* distribution to Beyond Housing, Inc., in St. Louis, Missouri.

**Awards of Incentive Award and Attorneys' Fees and Costs**

14. The Court approves and awards a $10,000 incentive award, to be paid from the Settlement Fund, to Plaintiff for serving as the Class Representative in this matter.

15. The Court approves and awards to Class Counsel attorneys' fees in the amount of $120,000 (one third of the Settlement Fund) and litigation expenses of $2,000, to be paid from the Settlement Fund.

16. The Court approves a payment, to be paid from the Settlement Fund, to the Settlement Administrator of its reasonable costs in notifying the Settlement Class and administering the Settlement Fund, which the Settlement Administrator estimates to be approximately $50,000, and in an amount not to exceed $60,000.

**Releases and Dismissal**

17. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who opted out of the Settlement Class), and without fees or costs except as provided above.

18. The Plaintiff and all members of the Settlement Class (except those persons identified above who opted out of the Settlement Class) shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against Defendant pursuant to the terms of the releases set forth in the Settlement Agreement.

19. The Court bars and permanently enjoins Plaintiff and all members of the Settlement Class (except those persons identified above who opted out of the Settlement Class), from instituting or prosecuting any action or proceeding, whether as a class or as an individual, against any of the Released Parties for liability in any way related to, arising out of, or based upon the Released Claims.

**Defendant's Denial of Liability**

20. The Court notes that Defendant denies any liability to Plaintiff or to the Settlement Class for any matter whatsoever. Without conceding any infirmity in its defenses, and while

continuing to deny all allegations of liability, Defendant considers it desirable that the Litigation be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Litigation.

**Other Provisions**

21. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

22. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Dated: February 13, 2020

ENTERED:

Ronnie L. White

The Honorable Judge Ronnie L. White